Order, Supreme Court, New York County (Paul Wooten, J.), entered on or about March 26, 2013, which granted plaintiffs motion for partial summary judgment on the issue of liability on his claim pursuant to Labor Law § 241 (6), and denied de *615 fendants’ cross motion for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action, unanimously affirmed, without costs.
Plaintiff established entitlement to judgment as a matter of law on the issue of liability in this action where he alleges that he was injured while using a table saw that was not equipped with a blade guard or spreader (see 12 NYCRR 23-1.12 [c] [2], [3]). That plaintiff was the sole witness to the accident does not warrant a different determination (see De Oleo v Charts Christian Ministries, Inc., 106 AD3d 521 [1st Dept 2013]; see also Noble v 260-261 Madison Ave., LLC, 100 AD3d 543, 544-545 [1st Dept 2012]).
In opposition, defendants failed to raise an issue of fact. Defendants’ challenges to plaintiffs credibility are unpersuasive and although comparative negligence is a viable defense to a Labor Law § 241 (6) claim, no evidence of culpable conduct on the part of plaintiff was presented by defendants (see Once v Service Ctr. of N.Y., 96 AD3d 483 [1st Dept 2012], lv dismissed 20 NY3d 1075 [2013]).
In view of the grant of summary judgment to plaintiff on the issue of liability on the section 241 (6) claim, defendants’ contentions regarding the Labor Law § 200 and common-law negligence claims are academic (see Fanning v Rockefeller Univ., 106 AD3d 484 [1st Dept 2013]).
Concur — Tom, J.E, Moskowitz, ManzanetDaniels, Feinman and Gische, JJ.